UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MARK GARNES,

               Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                  22-CV-3406 (RPK) (TAM)

    -against-

THE HARTFORD INSURANCE COMPANY,

               Defendant.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Mark Garnes sues the Hartford Insurance Company for failing to pay for adequate car repairs in 2014. *See* Compl. (Dkt. #1). For the reasons that follow, plaintiff's New York Insurance Law claims are dismissed, but his breach-of-contract and breach-of-the-covenant-of-good-faith-and-fair-dealing ("breach-of-covenant") claims may proceed. Additionally, plaintiff's application to proceed *in forma pauperis* is granted.

## BACKGROUND

      The following allegations come from the complaint and are assumed true for the purposes of this motion. On July 1, 2014, at approximately 4 A.M., plaintiff was involved in a car accident. Compl. ¶ 7. The police who responded to the scene arranged for a tow truck to move plaintiff's car. *Ibid*. Against plaintiff's wishes, the towing company took plaintiff's car to the towing company's shop rather than to plaintiff's preferred mechanic. *Id*. at ¶ 8. As a result, plaintiff's car was not properly repaired. *Id*. at ¶¶ 24–28.

      For that, plaintiff blames defendant. *Id*. at ¶¶ 15, 28–29. He alleges that over the course of 2014, defendant failed to provide him with required disclosures, did not help him move his car

1

to his preferred mechanic, and refused to cover "inner damage" later discovered by plaintiff's preferred mechanic. *Id*. at ¶¶ 15, 28–29, 66.

In December 2014, plaintiff again experienced car trouble, for which he again faults defendant. *Id*. at ¶¶ 33, 85. Defendant issued plaintiff a new claim number but refused to cover the damages. *Id*. at ¶ 38. In September 2015, defendant issued plaintiff a final payment, which plaintiff surmises was for "supplemental damages." *Id*. at ¶ 43. It then terminated its contract with him on November 15, 2015. *Id*. at ¶ 45. The complaint asserts that "discrimination" on the basis of "race, color, creed, national origin, or disability" was a factor in the contract's cancellation. *Id*. at ¶ 79.

Plaintiff continued to try to repair his car. *Id*. at ¶¶ 46–51. Meanwhile, he filed a complaint against defendant with New York's Department of Financial Services. *Id*. at ¶¶ 55–56. In September 2016, the Department of Financial Services determined that it lacked authority over the dispute. *Id*. at ¶ 56. Eventually, plaintiff traded in the car. *Id*. at ¶ 51.

Plaintiff now sues, alleging (i) breach of contract; (ii) misrepresentation of policy provisions in violation of Sections 2601 and 2610 of New York's Insurance Law and their attendant regulations, N.Y. Comp. Codes R. & Regs. tit. 11, § 216[1]; (iii) breach of the covenant of good faith and fair dealing; and (iv) discrimination in violation of New York Insurance Law Section 2606.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from

---

[1] Part 216 is also known and referred to herein as "Regulation 64." *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 111 (2d Cir. 2017).

2

such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).

## DISCUSSION

The Court dismisses plaintiff's statutory and regulatory claims, but it permits plaintiff's breach-of-contract and breach-of-covenant claims to proceed.

**I.     Plaintiff's Statutory and Regulatory Claims Are Dismissed**

Because New York Insurance Law does not provide a private cause of action, plaintiff's Section 2601, Section 2606, and Section 2610 claims are dismissed, as are his regulatory claims under Part 216.

When New York's legislature enacts a law, it can provide for the enforcement of that law in two different ways. First, it may entrust enforcement to the state by making "the violation . . . punishable solely as a public offense." *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 324 (N.Y. 1983) (quoting *Amberg v. Kinley*, 214 N.Y. 531, 535–536 (N.Y. 1915)). Second, it may authorize private individuals who are injured by the statute's violation "to have a cause of action for violation of those provisions." *Ibid*.

3

To determine whether a statute contains a private right to sue, a court first looks for the "express provision [of] a private remedy" in a statute's text. *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 360 (N.Y. 2021). If none exists, a private individual may sue for a statutory violation "only if a legislative intent to create such a right of action is 'fairly implied' in the statutory provisions and their legislative history." *Ibid*. (citation omitted). In making this determination, a court looks to three factors: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Ibid*. (quoting *Sheehy v Big Flats Cmty. Day*, 73 N.Y.2d 629, 633 (N.Y. 1989)). "Critically, all three factors must be satisfied before an implied private right of action will be recognized," and "[t]he third factor is the most important." *Ibid*. (citation omitted).

Applying these principles, no private right of action exists under Section 2601, Section 2606, Section 2610, or Part 216. None of these provisions contain an express private cause of action. By contrast, other provisions in New York Insurance Law *do* contain an express private right of action. *See*, *e.g.*, N.Y. Ins. Law § 3420(b) (providing that "an action may be maintained by the following persons against the insurer"); *id*. § 4226(d) (providing for a "penalty [which] may be sued for and recovered by any person aggrieved"). And, as New York courts have explained, New York Insurance Law already contains a detailed public enforcement scheme. Under that framework, "[e]very violation of any provision of this chapter" is either a misdemeanor or a felony offense, with enforcement authority assigned to the superintendent of insurance. *Id*. § 109. "[W]here," as here, "a regulatory agency has either been selected or, in fact, serves to administratively enforce the duties created by a statute, a private right of action should ordinarily not be judicially sanctioned." *Jim Mazz Auto, Inc. v. Progressive Cas. Ins. Co*., No. 08-CV-

4

494(A)(M), 2009 WL 891837, at *4 (W.D.N.Y. Feb. 5, 2009), *report and recommendation modified on other grounds*, 2009 WL 910969 (W.D.N.Y. Mar. 31, 2009) (citation omitted). Moreover, the superintendent may promulgate regulations to bring the chapter's provisions into effect, *see* N.Y. Ins. Law § 301, which in turn, are "deemed to be part of an insurance contract as though written into it," *Milligan v. GEICO Gen. Ins. Co.*, No. 20-3726-CV, 2022 WL 433289, at *2 (2d Cir. Feb. 14, 2022) (quoting *Trizzano v. Allstate Ins. Co.*, 7 A.D.3d 783, 785 (N.Y. App. Div. 2004)). Violations of the regulations are therefore actionable via a breach-of-contract claim rather than through a separate cause of action, *id*. at *7 (affirming the dismissal of a claim alleging the violation of Regulation 64).

Faced with this comprehensive regulatory scheme, the New York Court of Appeals has determined that New York law "does not currently recognize a private cause of action under Insurance Law § 2601." *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 614 (N.Y. 1994); *see Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 126 (2d Cir. 2017) ("Although Section 2601 makes the covered acts illegal, it does not allow for a private cause of action based on those acts."). Numerous courts have reached a similar conclusion as to Section 2610, *see M.V.B. Collision, Inc. v. Allstate Ins. Co.*, 728 F. Supp. 2d 205, 219 (E.D.N.Y. 2010) (collecting cases); *Jim Mazz Auto*, 2009 WL 910969, at *1, and the regulations in Part 216, *Milligan v. GEICO Gen. Ins. Co.*, No. 16-CV-240 (DLI) (RML), 2020 WL 5878406, at *7 (E.D.N.Y. Sept. 30, 2020), *affirmed in relevant part*, 2022 WL 433289 (2d Cir. Feb. 14, 2022); *De Marinis v. Tower Ins. Co. of New York*, 6 A.D.3d 484, 486 (N.Y. App. Div. 2004) (collecting cases). The same logic applies to Section 2606. Because New York Insurance Law contains a detailed enforcement scheme, the statute does not also contain an implied private right of action for individuals. *See M.V.B. Collision, Inc.*, 728 F. Supp. 2d at 219 (collecting cases); *Jim Mazz*

5

*Auto, Inc*, 2009 WL 910969, at *1; *Milligan*, 2020 WL 5878406, at *7; *De Marinis*, 6 A.D.3d at 486 (collecting cases).

Accordingly, the second and fourth claims are dismissed for lack of a private right of action.

## II. If Recast Under State Tort Law or Federal Law, These Claims Are Time-Barred

Read liberally, plaintiff's second claim could be construed as stating a cause of action for fraud. *See* Compl. ¶ 74 (alleging that one of defendant's forms was "plausibly fraud[ulent]"). Similarly, plaintiff's Section 2606 discrimination claim could be recast as a claim for discrimination under 42 U.S.C. § 1981, which prohibits discrimination in contracting. *See* Compl. ¶ 79 (asserting that discrimination caused defendant's "cancellation and failure to renew the auto insurance policy"). Nevertheless, the statute of limitations would bar those claims.

"In New York, an action for fraud must be commenced within six years of the fraud, or within two years from the time that plaintiff discovered the fraud or reasonably could have discovered it." *Koral v. Saunders*, 36 F.4th 400, 408 (2d Cir. 2022) (citing *Sargiss v. Magarelli*, 12 N.Y.3d 527, 532 (N.Y. 2009)). Plaintiff received the allegedly fraudulent document in July 2014, Compl. ¶ 74, and he was fully aware that defendant had terminated his policy and was refusing coverage by, at the latest, November 2015, *id*. at ¶¶ 43, 45. This suit, by contrast, was filed on June 6, 2022. *See* Compl. As such, even assuming defendant engaged in fraudulent behavior, it occurred more than six years before this complaint was filed, and plaintiff also discovered the conduct well over two years before this suit was filed. Nor is equitable tolling appropriate, as the complaint identifies no "extraordinary circumstance[]" that preventing plaintiff from filing a timely claim against defendant. *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021). Indeed, the complaint indicates that defendant filed a grievance with the New York Department of

Financial Services in 2015, Compl. ¶ 35, showing that he was able and ready to bring claims if he so desired.

Similarly, a Section 1981 claim would be untimely. At most, a four-year statute of limitations would apply to plaintiff's Section 1981 claim. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004); *Wright v. City of Ithaca*, 633 F. App'x 63, 64 (2d Cir. 2016) (citing *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004)). Plaintiff alleges that defendant cancelled his contract and refused to renew it in 2015. Compl. ¶ 79. Accordingly, the statute of limitations bars the claim. As such, plaintiff's claim could not succeed if recast under Section 1981.

## CONCLUSION

Plaintiff's statutory and regulatory claims are dismissed. Typically, when a plaintiff is *pro se*, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Nevertheless, leave to amend is denied with respect to these two claims because their deficiencies are "substantive" ones that cannot be cured with "better pleading." *Ibid.*; *see Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 566–67 (E.D.N.Y. 2020) (amendment of time-barred claims would be futile) (collecting cases); *Negron v. United States*, No. 19-CV-5442 (PMH), 2020 WL 5634304, at *10 (S.D.N.Y. Sept. 21, 2020) (amendment of claim lacking cause of action would be futile).

The breach-of-contract and breach-of-covenant claims may proceed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                               /s/ Rachel Kovner
                                               RACHEL P. KOVNER
                                               United States District Judge

Dated:        August 19, 2022
                Brooklyn, New York