UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MARK GARNES,

                Plaintiff,                      **ORDER ADOPTING REPORT AND RECOMMENDATION**

        v.                                       22-CV-3406 (RPK) (TAM)

THE HARTFORD INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

       Magistrate Judge Merkl's report and recommendation ("R. & R.") recommending that the amended complaint be dismissed for lack of subject-matter jurisdiction is adopted in full.

## BACKGROUND

       *Pro se* plaintiff Mark Garnes brought this action against The Hartford Insurance Company in June 2022 seeking $500,000 in damages for, *inter alia*, breach of contract, breach of the covenant of good faith and fair dealing, and violations of state statutory and regulatory insurance law. *See generally* Compl. (Dkt. #1). According to the complaint, defendant issued plaintiff a car insurance policy in 2013. *Id.* ¶ 6. Plaintiff was involved in a car accident during the policy period in July 2014, damaging plaintiff's vehicle and necessitating that it be towed. *Id.* ¶¶ 7–8. Plaintiff alleges that defendant thereafter engaged in various misconduct including failing to assist plaintiff in transporting the car from the tow yard to a service center, *id.* ¶ 13, paying the tow yard directly for only external repairs, *id.* ¶¶ 16, 18, 20–21, 24, and refusing to cover the costs of repairing the car when certain "inner damage" prevented plaintiff from using it, *id.* ¶¶ 26, 28–33.

1

Upon granting plaintiff's motion to proceed *in forma pauperis*, the Court dismissed plaintiff's claims under New York's insurance statutes and regulations. *See* Order & Mem. 1 (Dkt. #4).

Defendant then moved to dismiss plaintiff's remaining claims under Federal Rule of Civil Procedure 12(b)(6) on multiple grounds, and I referred that motion to Magistrate Judge Merkl for a report and recommendation. *See* Apr. 17, 2023 Order Referring Mots. Judge Merkl determined that plaintiff's complaint did not adequately allege an amount in controversy in excess of $75,000, as required for diversity jurisdiction. R. & R. 12 (Dkt. #22). Judge Merkl recommended that defendant's motion to dismiss be denied without prejudice, and that plaintiff be granted leave to amend the complaint to adequately allege cognizable damages in excess of $75,000. *Id.* at 14–15.

After I adopted that recommendation, *see* Sept. 5, 2023 Order Adopting R. & R., plaintiff filed an amended complaint omitting his statutory and regulatory claims. The amended complaint seeks $91,400.13 in damages for breach of contract and breach of the covenant of good faith and fair dealing. *See* Am. Compl. ¶¶ 4, 80–84 (Dkt. #23); R. & R. 8 & n.2 (Dkt. #29).

Defendant moved to dismiss on several grounds, *see* Mot. to Dismiss (Dkt. #24); Mem. in Supp. (Dkt. #24-1); Reply (Dkt. #28), in briefing that noted the possibility that the amended complaint still failed to meet the amount-in-controversy requirement for diversity jurisdiction, Mem. in Supp. 8 & n.7; Reply 1. Plaintiff opposed defendant's motion to dismiss but did not address the amount-in-controversy issue. Opp'n (Dkt. #27). I referred the motion to Judge Merkl for a report and recommendation. Mar. 28, 2024 Order Referring Mot.

On July 23, 2024, Judge Merkl recommended that plaintiff's amended complaint be dismissed for lack of subject-matter jurisdiction without leave to amend. *See* R. & R. First, Judge Merkl found that, of the $91,400.13 in damages sought in the amended complaint exclusive of

2

costs, at least $30,000 were for consequential damages unavailable under New York law. *Id.* at 8–10 (citing *Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 119 (2d Cir. 2019)). Such damages included $20,000 due to plaintiff being "unable to initially trade-in the vehicle" and $10,000 for "los[t] wages [and] opportunity." *Id.* at 8 (citing Am. Compl. ¶ 84). Second, Judge Merkl found that plaintiff could not count the "coverages and limits" in the policy towards the amount in controversy necessary for diversity jurisdiction. *Id.* at 10–11. Finally, Judge Merkl concluded that plaintiff "has not alleged facts illustrating that the federal jurisdictional minimum for diversity cases is satisfied." *Id.* at 11. Because plaintiff had already been granted leave to amend once in order to satisfy the amount-in-controversy requirement, Judge Merkl recommended dismissal without leave to amend. *Ibid.*

Plaintiff timely objected to the R. & R. *See* Obj. (Dkt. #31).

## STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine *de novo*" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of an R. & R. that are uncontested, or to which no proper objection has been made, may be reviewed for "clear error," *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted), which will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed," *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).

When a plaintiff proceeds *pro se*, his complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

3

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and citations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Plaintiff's objections, liberally construed, are overruled, and the R. & R. is adopted in full.

First, plaintiff makes arguments regarding the timeliness of his claims. *See* Obj. 2–4. Those arguments are beside the point because Judge Merkl concluded that the complaint does not adequately allege the requisite amount in controversy, without regard to whether any of plaintiff's claims are time barred. *See* Opp'n to Obj. 2 (Dkt. #32); *see generally* R. & R.

Second, plaintiff appears to object to Judge Merkl's exclusion of the policy's general coverages and limits from the amount-in-controversy calculation. *See* Obj. 5 (noting that the insurance policy lists up to $50,000 in coverage for property damage and another $50,000 for personal injury protection); Insurance Policy Number 55PHT302784 ("Policy") at 5–6 (Dkt. #24-3). That objection lacks merit because "[a] court may only consider the entire value of an insurance policy or other installment contract in its determination of the amount in controversy if the validity of the policy or contract itself is at issue." *Conzo v. SMA Life Assur. Co.*, No. 01-CV-11243 (DLC), 2003 WL 21018823, at *2 (S.D.N.Y. May 6, 2003). Here, the amended complaint only contests what defendant owed plaintiff under the policy, not the validity of the policy's coverage limit itself. Plaintiff's objection is therefore overruled.

Third, plaintiff objects to Judge Merkl's conclusion that the amended complaint pleads no facts supporting the inference that the parties contemplated consequential damages, as required for such damages to be cognizable under New York law. *See* Obj. 2, 5–8. Plaintiff invokes several

4

cases requiring the interpretation of insurance policies according to their ordinary meaning with "all ambiguity . . . resolved in favor of the policy holder." *Id.* at 6–8 (citing, *inter alia*, *Kimmins Indus. Serv. Corp. v. Reliance Ins. Co.*, 19 F.3d 78, 81 (2d Cir. 1994); and *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006)).  Plaintiff then points to various provisions in the policy covering "[t]ransportation [e]xpenses" and the "cost to repair or replace the damaged property," *see, e.g.*, *id.* at 2, 5–6 (citing Policy 84–86), and asserts that the damages he claims fall within those categories, *see id.* at 5–8.  Plaintiff's objection here is misplaced because Judge Merkl did not exclude from the amount in controversy any damages that might plausibly be encompassed by the provisions cited by plaintiff.  To the contrary, she included damages that plaintiff alleged stemming from certain car loan, tax, and insurance payments ($34,323.51), the reduction in value of plaintiff's car as reflected in payments owed upon trade-in ($15,376.62), citations plaintiff incurred on the car ($700), and other "compensatory damages" ($3,000).  *See* R. & R. 8 n.2; *see also id.* at 10 (noting that plaintiff still fails to satisfy the amount in controversy even when considering the $8,000 in transportation costs plaintiff claims to have incurred due to his car being inoperable).

Judge Merkl did not err in excluding $30,000 in additional alleged damages—for "los[t] wages [and] opportunity" and for plaintiff's losing the opportunity to "trade-in" and "re-finance" his car—on the ground that they are indirect or consequential damages that do not plausibly fall under any of the policy provisions cited by plaintiff.  *See* R. & R. 8–10; *see also, e.g.*, *Kruglov*, 771 F. App'x at 119 (applying principle that "indirect or consequential damages" are generally not recoverable in breach-of-contract cases to exclude alleged damages "from a job interview opportunity that [plaintiff] lost" because plaintiff's allegations did not "support the inference that the parties contemplated that [defendants] would be liable for any damages flowing from"

5

plaintiff's lost opportunity). Plaintiff suggests that the parties contemplated that defendant would be liable for such damages because the insurance policy contains references to "expenses." *See* Obj. 5–6 (citing Policy's limitation of the coverage of certain expenses to those incurred "beginning when the auto is withdrawn from use for more than 24 hours"). But the policy provision plaintiff repeatedly cites for this argument unambiguously specifies the sorts of expenses to which it applies. *See* Policy 83–84. None of the categories it sets out plausibly extends to the $30,000 in damages that plaintiff seeks for various lost opportunities. Plaintiff's objection is therefore overruled.

Finally, in the alternative, plaintiff argues that instead of dismissing his case without leave to amend, the Court should issue a "stay" pending his filing a "notice of removal" to New York state court. Obj. 2, 9. A stay is not warranted, however, because plaintiff cannot remove this case to state court. *See E. Sav. Bank, FSB v. Est. of Kirk ex rel. Kirk*, 821 F. Supp. 2d 543, 545–46 (E.D.N.Y. 2011) ("[A] case originally commenced by a plaintiff in federal court cannot then be removed from federal to state court." (ellipsis and citation omitted)). Moreover, because plaintiff has already been afforded an opportunity to amend in order to satisfy the amount-in-controversy requirement, and plaintiff has not suggested in response to the R. & R. that he could allege any additional facts to support subject-matter jurisdiction, the amended complaint should be dismissed without leave to amend. *See, e.g.*, *Meyer, Suozzi, English & Klein, P.C. v. Higbee*, No. 18-CV-3353 (ADS) (ARL), 2020 WL 1140424, at *4 (E.D.N.Y. Mar. 9, 2020); *Mendez v. Albany Cnty. Dep't of Soc. Servs.*, No. 19-CV-468 (LEK) (CFH), 2019 WL 5485178, at *2 (N.D.N.Y. Oct. 25, 2019); *Franklin v. Liberty Mut. Ins. Co.*, No. 08-CV-7120 (DAB), 2011 WL 476613, at *3 (S.D.N.Y. Feb. 9, 2011).

6

## CONCLUSION

For the reasons explained above, plaintiff's objections to Magistrate Judge Merkl's R. & R. are overruled.  Having found no clear error in the unobjected-to portions of the R. & R., the Court adopts it in full.  Plaintiff's amended complaint is dismissed for lack of subject-matter jurisdiction without prejudice to plaintiff refiling his claims in state court but without leave to further amend his amended complaint in this Court.  Defendant's motion to dismiss is denied as moot.  The Clerk of Court is respectfully directed to close this case and mail a copy of this order to plaintiff.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 26, 2024
       Brooklyn, New York